## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BACKSTOP FILMS LLC and**
**DAVID IVERSEN,**

26 Broadway, Suite 1301
New York, NY 10004

Plaintiffs,

v.

**U.S. DEPARTMENT OF THE NAVY**,

720 Kennon Street SE, Room 233
Washington Navy Yard, DC 20374-5013

Defendant.

Case No.  1:20-cv-2181

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Backstop Films LLC and David Iversen (together, "Backstop") bring this suit

against Defendant the U.S. Department of the Navy (the "Navy").  In support thereof, Backstop

alleges as follows:

## INTRODUCTION

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552.  Through FOIA, Backstop sought from the Navy transcripts and audio recordings

of the judicial proceedings in *United States v. Edward Gallagher* (the "*Gallagher* case").

2.      The Navy constructively denied Backstop's request for transcripts by failing to

make a determination on that request within the statutory deadline.

3.      The Navy wrongfully denied Backstop's request for audio recordings and has

constructively denied Backstop's administrative appeal of that denial by failing to make a

determination on that appeal within the statutory deadline.

**PARTIES**

4.      Plaintiff Backstop Films LLC is a limited liability company incorporated and with

its principal place of business in New York.

5.      Plaintiff David Iversen, a resident of New York, is an investigative journalist,

who, insofar as relevant to this action, was acting in his capacity as an independent contractor for

Backstop Films LLC.

6.      Defendant the U.S. Department of the Navy is an agency within the meaning of

5 U.S.C. § 552(f)(1).  The Navy has possession and control of the records requested by Backstop.

**JURISDICTION AND VENUE**

7.      This action arises under FOIA.  This Court has subject matter jurisdiction over this

action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL ALLEGATIONS**

**I.      The *Gallagher* Case**

9.      Edward "Eddie" Gallagher joined the Navy's Sea, Air and Land Forces (the

"SEALs") in 2005.  He subsequently deployed to combat zones on multiple occasions, and he

was awarded the Bronze Star for his actions in Iraq and Afghanistan.  In his final deployment, in

2017, Gallagher led a platoon in Mosul, Iraq.

10.      According to members of his platoon, Gallagher fatally stabbed a captured ISIS

fighter in Mosul, then reportedly posed for photographs with the body and texted a picture to a

fellow SEAL afterwards, along with the message, "I got him with my hunting knife."  *See* Dave

Philipps, "Decorated Navy SEAL Is Accused of War Crimes in Iraq," *The New York Times*, Nov.

15, 2018, https://www.nytimes.com/2018/11/15/us/navy-seal-edward-gallagher-isis.html.

11.     Gallagher also allegedly shot "a girl in a flower-print hijab" and "an unarmed man in a white robe with a wispy white beard."  *See* Dave Philipps, "Navy SEALs Were Warned About Reporting Their Chief for War Crimes," *The New York Times*, Apr. 23, 2019, https://www.nytimes.com/2019/04/23/us/navy-seals-crimes-of-war.html.

12.     Gallagher was charged with murder and attempted murder arising out of these alleged acts.  Gallagher subsequently stood trial, and in July 2020 he was acquitted of all charges except for posing for a picture with the deceased ISIS captive's body.  *See* Dave Philipps, "Navy SEAL Chief Accused of War Crimes Is Found Not Guilty of Murder," *The New York Times*, July 2, 2019, https://www.nytimes.com/2019/07/02/us/navy-seal-trial-verdict.html.

13.     This acquittal followed "stunning testimony" by a SEAL medic, who testified pursuant to a grant of immunity that he, not Gallagher, killed the captive ISIS fighter.  *See* Dave Philipps, "Navy SEAL War Crimes Witness Says He Was the Killer," *The New York Times*, June 20, 2019, https://www.nytimes.com/2019/06/20/us/navy-seal-edward-gallagher-corey-scott.html.

14.     *The New York Times* reported that the medic's testimony "drew an angry response from prosecutors, who said that in six different interviews with Navy investigators, he had never hinted that he had suffocated the captive."  *Id.*

15.     For the one charge on which he was convicted, Gallagher was sentenced to "a demotion and reduction in pay."  *See* Bill Chappell, "Navy SEAL Demoted For Taking Photo With Corpse Of ISIS Fighter," NPR, July 3, 2019, https://www.npr.org/2019/07/03/738463353/jury-reduces-navy-seals-rank-for-taking-photo-with-corpse-of-isis-fighter.

16.     President Donald Trump later issued "an order directing the promotion of Special Warfare Operator First Class Edward R. Gallagher to the grade of E-7, the rank he held before he was tried and found not guilty of nearly all of the charges against him."  *See* "Statement from the

Press Secretary," The White House, Nov. 15, 2019, https://www.whitehouse.gov/briefings-statements/statement-press-secretary-97/.

17.     Following the Gallagher trial, President Trump also ordered the Navy to strip four of the prosecutors involved of achievement medals they had received following the court martial. *See* Carl Prine, "Trump nixes NAMs for 4 prosecutors tied to SEAL case," *Navy Times*, July 31, 2019, https://www.navytimes.com/news/your-navy/2019/07/31/trump-nixes-nams-for-4-prosecutors-tied-to-seal-case/.

18.     President Trump accused those prosecutors of having provided immunity "in a totally incompetent fashion."  *See* Donald J. Trump (@realDonaldTrump), July 31, 2019, https://twitter.com/realDonaldTrump/status/1156655361711071232.

## II.     Backstop's Request For Transcripts

19.     Backstop submitted a FOIA request (the "Transcripts Request") to the Navy on October 18, 2019, seeking, *inter alia*, "Trial Transcripts, including [an] Article 32 hearing transcript and voir dire (or military court equivalent)" for the *Gallagher* case.  The Transcripts Request was assigned handling number DON-NAVY-2020-000565.  A true and correct copy of the Transcripts Request is attached hereto as Exhibit 1.

20.     To date, the Navy has not produced any records responsive to the Transcripts Request.

21.     To date, the Navy has not informed Backstop as to the scope of the records that the agency will produce in response to the Transcripts Request.

22.     To date, the Navy has not informed Backstop as to the scope of records responsive to the Transcripts Request that the agency will withhold pursuant to any FOIA exemption(s).

### III.    Backstop's Request For Audio Recordings

23.     Backstop submitted a FOIA request (the "Recordings Request") to the Navy on May 20, 2020, seeking with respect to the *Gallagher* case "[a]ny and all audio recording[s] of the June/July 2019 court martial" and "[a]ny and all audio recording[s] of [the] Article 32 hearing, which took place in 2019."  The Recordings Request was assigned handling number DON-NAVY-2020-008092.  A true and correct copy of the Recordings Request is attached hereto as Exhibit 2.

24.     The Navy denied the Recordings Request on June 24, 2020.  A true and correct copy of that denial is attached hereto as Exhibit 3.

25.     In its denial, the Navy asserted that the requested audio recordings were exempt from disclosure pursuant to FOIA Exemptions 3, 6, and 7(C).  *See generally* Ex. 3.

26.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(III)(aa), Backstop submitted an administrative appeal (the "Recordings Appeal") to the Navy on July 2, 2020.  The Recordings Appeal was assigned handling number DON-NAVY-2020-009627.  A true and correct copy of the Recordings Appeal is attached hereto as Exhibit 4.

27.     In the Recordings Appeal, Backstop explained that the Navy may not withhold the requested recordings under any of the FOIA exemptions cited in the Navy's initial denial letter.  *See* Ex. 4 at 4-6 (explaining why recordings may not be withheld under Exemption 3); *id.* at 6-7 (explaining why recordings may not be withheld under Exemptions 6 and 7(C)).  Backstop further explained that, even if the recordings did fall within the scope of any FOIA exemption(s), the Navy still must release them in full pursuant to the public domain doctrine, because those recordings documented proceedings that took place in open court.  *See id.* at 3-4.

28.     To date, the Navy has not made and communicated to Backstop a determination with respect to the Recordings Appeal.

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Constructive Denial of the Transcripts Request in Violation of FOIA, 5 U.S.C. § 552

29.     Backstop realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

30.     FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemption(s). *See* 5 U.S.C. § 552(a)(6)(A)(i).

31.     The Navy received the Transcripts Request on October 18, 2019.  Ex. 1 at 1.

32.     Pursuant to FOIA, the Navy was required to make and communicate to Backstop a determination on the Transcripts Request by November 18, 2019.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

33.     As of the date of this filing, however, the Navy has not made and communicated to Backstop a determination on the Transcripts Request.

34.     There is no basis under FOIA to withhold, in whole or in part, the requested transcripts.  The Navy has wrongfully withheld these public records in violation of FOIA.

### COUNT II
### Declaratory and Injunctive Relief:
### Constructive Denial of the Recordings Appeal in Violation of FOIA, 5 U.S.C. § 552

35.     Backstop realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

36.     FOIA requires that within 20 working days of receiving an administrative appeal, an agency must "make a determination" as to that appeal.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).

37.     The Navy received the Recordings Appeal on July 2, 2020.  Ex. 4 at 1.

38.     Pursuant to FOIA, the Navy was required to make and communicate to Backstop a

determination on the Recordings Appeal by July 31, 2020.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).

39.     As of the date of this filing, however, the Navy has not made and communicated to Backstop a determination on the Recordings Appeal.

40.     There is no basis under FOIA to withhold, in whole or in part, the requested audio recordings.  The Navy has wrongfully withheld these public records in violation of FOIA.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Backstop respectfully requests that this Court:

A.     Declare unlawful the Navy's constructive denials of the Transcripts Request and the Recordings Appeal;

B.     Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the Navy to make the requested transcripts and audio recordings available to Backstop, unredacted, and setting a deadline for compliance;

C.     Award Backstop its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

D.     Grant such other and further relief as the Court may deem just and proper.

Dated:  August 10, 2020          Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Jay Ward Brown*
Jay Ward Brown (#437686)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
brownjay@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiffs*

7