UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BACKSTOP FILMS LLC and DAVID IVERSEN,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE NAVY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:20-cv-02181-CJN<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, the Department of the Navy ("Defendant"), hereby files this Answer to Backstop Films, LLC and David Iversen ("Plaintiffs") Complaint, ECF No. 1. Answering the allegation of each paragraph of the Complaint and using the same headings, which are not admissions, and paragraph numbers, Defendant responds as follows:

## INTRODUCTION

1. The first sentence of paragraph 1 consists of Plaintiffs' characterization of their Complaint, to which no response is required. To the extent that a response is required, Defendant avers that the Complaint speaks for itself. Defendant admits the second sentence of paragraph 1.

2. Paragraph 2 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies paragraph 2.

3. Paragraph 3 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies paragraph 3.

## PARTIES

4.      Defendant lacks sufficient information or knowledge to admit or deny the allegation in paragraph 4.

5.      Defendant lacks sufficient information or knowledge to admit or deny the allegation in paragraph 5.

6.      Paragraph 6 consists of a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 consists of a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits that the Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

8.      Paragraph 8 consists of a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits that venue is proper before the U.S. District Court for the District of Columbia.

## FACTUAL ALLEGATIONS

### I. The Gallagher Case

9.      Defendant admits the first and second sentences of paragraph 9.  Defendant admits the third sentence of paragraph 9 to the extent that Edward Gallagher was the Senior Enlisted Advisor for a platoon in Mosul, Iraq, in 2017 and otherwise denies the third sentence of paragraph 9.

10.     Paragraph 10 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

11.     Paragraph 11 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

12.     Paragraph 12 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

13.     Paragraph 13 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

14.     Paragraph 14 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

15.     Paragraph 15 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

16.     Paragraph 16 consists of Plaintiffs' characterization of a White House press statement, to which no response is required.  To the extent that a response is required, Defendant avers that the White House press statement speaks for itself.

17.     Paragraph 17 consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent that a response is required, Defendant avers that the news article speaks for itself.

18. Paragraph 18 consists of Plaintiffs' characterization of a social media post, to which no response is required. To the extent that a response is required, Defendant avers that the social media post speaks for itself.

## II. Backstop's Request For Transcripts

19. Defendant admits paragraph 19.

20. Defendant admits Paragraph 20.

21. Defendant denies paragraph 21.

22. Defendant denies paragraph 22.

## III. Backstop's Request For Audio Recordings

23. Defendant admits paragraph 23.

24. Defendant admits paragraph 24.

25. Paragraph 25 consists of Plaintiffs' characterization of the Navy's response letter dated June 24, 2020, to which no response is required. To the extent a response is required, Defendant admits paragraph 25.

26. Defendant admits paragraph 26.

27. Paragraph 27 consists of Plaintiffs' characterization of their July 2, 2020 FOIA appeal, to which no response is required. To the extent a response is required, Defendant avers that Plaintiffs' July 2, 2020 FOIA appeal speaks for itself.

28. Defendant admits paragraph 28.

**CLAIMS FOR RELIEF**
**COUNT I**
**Declaratory and Injunctive Relief:**
**Constructive Denial of the Transcripts Request in Violation of FOIA, 5 U.S.C. § 552**

29. Defendant repeats the responses to paragraphs 1 through 28 set forth herein.

30. Paragraph 30 consists of Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(A)(i), to which no response is required. To the extent a response is required, Defendant avers that 5 U.S.C. § 552(a)(6)(A)(i) speaks for itself.

31. Defendant admits paragraph 31.

32. Paragraph 32 consists of a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies paragraph 32.

33. Defendant denies paragraph 33.

34. Paragraph 34 consists of a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 34.

### COUNT II
### Declaratory and Injunctive Relief:
### Constructive Denial of the Recordings Appeal in Violation of FOIA, 5 U.S.C. § 552

35. Defendant repeats the responses to paragraphs 1 through 34 set forth herein..

36. Paragraph 36 consists of Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(A)(ii), to which no response is required. To the extent a response is required, Defendant avers that 5 U.S.C. § 552(a)(6)(A)(ii) speaks for itself.

37. Defendant admits paragraph 37.

38. Paragraph 38 consists of a conclusion of law, to which no response is required. To the extent that a response is required, Defendants denies paragraph 38.

39. Defendant admits paragraph 39.

40. Paragraph 40 consists of a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies paragraph 40.

## REQUEST FOR RELIEF

41.    The remaining unnumbered paragraph consists of Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

42.    All allegations in paragraphs 1 through 40 and the unnumbered paragraph that Defendant has not specifically admitted or otherwise qualified are hereby denied.

WHEREFORE, Defendant having fully answered, request that Plaintiffs' complaint be dismissed with prejudice, that costs be assessed against Plaintiffs, and that Defendant be awarded any other relief deemed just and proper.

## DEFENSES

Defendant alleges the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

Dated: September 10, 2020

Of Counsel

ALYSSA WILLIAMS
Lieutenant, JAGC, USN
Office of the Judge Advocate General
Department of the Navy

Respectfully Submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
Civil Division
U.S. Attorney's Office
 for the District of Columbia
555 4th St. N.W.
Washington, D.C. 20530
Telephone: (202) 252-2561
Facsimile: (202) 252-2599
E-mail: joseph.carilli@usdoj.gov

*Counsel for Defendant*